UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
DAVID CORDIS and ASHLEY GRAY,

                    Plaintiffs,

      -against-                                          **ORDER**

                                                                       21-CV-6226 (FB)

THE UNITED STATES OF AMERICA d/b/a
The United States Postal Service/Post Office,
et al.,

                    Defendants.
-----------------------------------------------------------------x

**ROANNE L. MANN, UNITED STATES MAGISTRATE JUDGE:**

       By orders dated March 23 and April 6, 2022, this Court observed that plaintiffs had not demonstrated that they have completed service on defendant the United States of America (the "United States") by sending process by "registered or certified mail to the Attorney General of the United States at Washington, D.C," as required by Rule 4(i) of the Federal Rules of Civil Procedure ("FRCP"). See Scheduling Order (Mar. 23, 2022) ("3/23/22 Order") at 1, DE #9 (citing Fed. R. Civ. P. 4(i)(1)(B)); Order to Show Cause (Apr. 6, 2022) ("4/6/22 OTSC") at 1, DE #10. Initially, the Court *sua sponte* granted plaintiffs an extension of time to serve and file proof of service until March 29, 2022. See 3/23/22 Order at 2. Plaintiffs failed to do so. See 4/6/22 OTSC at 1. The Court then directed plaintiffs to show cause why the case should not be dismissed for failure to effect timely service and for failure to prosecute. See id. In response, plaintiffs reiterate that they served the United States Postal Service by certified mail, which, as discussed below, is ineffective service on the United States. See Response to Order to Show Cause (Apr. 11, 2022), DE #11.

       In their Complaint, plaintiffs sued as defendants the United States and an unidentified

employee of defendant.  See Complaint (Nov. 9, 2021), DE #1.  Pursuant to FRCP 4(i)(1), service upon the United States requires (1) delivering a copy of the summons and complaint to the United States Attorney's Office for the district in which the action is pending *and* (2) sending a copy of the same to the Attorney General in Washington, D.C. via registered or certified mail.  See Fed. R. Civ. P. 4(i)(1).  Plaintiffs have failed to comply with the latter requirement.  While plaintiffs mailed process to the United States Postal Service, the agency is not a named defendant in this case.  Indeed, the only proper defendant in a Federal Tort Claims Act case is the United States itself.  See 28 U.S.C. §§ 2674, 2679; Walia v. Holder, 59 F.Supp.3d 492, 511 (E.D.N.Y. 2014).  Moreover, even if plaintiffs had sued the United States Postal Service, rather than the United States, plaintiffs would still be required to effect service on the United States itself, including by mailing process to the Attorney General.  See Fed. R. Civ. P. 4(i)(2).

This Court *sua sponte* extends plaintiffs' time to complete proper service upon the United States as required by Rule 4(i), despite the absence of good cause, to April 26, 2022.  This is plaintiffs' final opportunity to complete service.  If they fail to do so, this Court will recommend dismissal.  See Kurzberg v. Ashcroft, No. 04 CV 3950(JG), 2006 WL 2738991, at *7 (E.D.N.Y. Sept. 25, 2006), aff'd, 619 F.3d 176 (2d Cir. 2010); Fed. R. Civ. P. 4(m).

    **SO ORDERED.**

**Dated:**    Brooklyn, New York
            April 19, 2022

                              /s/ *Roanne L. Mann*
                              **ROANNE L. MANN**
                              **UNITED STATES MAGISTRATE JUDGE**